## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

SAM'S WEST, INC. and
WALMART APOLLO, LLC,

      *Plaintiffs*,

  v.

BJ'S WHOLESALE CLUB
HOLDINGS, INC.,

      *Defendant.*

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL
## AND INJUNCTIVE RELIEF

Plaintiffs Sam's West, Inc. and Walmart Apollo, LLC (collectively, "Plaintiffs" or "Sam's Club") hereby assert the following claims for patent infringement against Defendant BJ's Wholesale Club Holdings, Inc. ("BJ's" or "Defendant"), and allege as follows:

### INTRODUCTION

1. Beginning more than a decade ago, Sam's Club along with parent company Walmart Inc. ("Walmart"), pioneered novel methods for effectuating a faster, easier, and more convenient, check-out processes for retail customers. Sam's Club's patented technology, for example, allows customers to convert their mobile devices into mobile point-of-sale devices and execute check-out without

having to go to a traditional cashier or self-checkout station.   Sam's Club's patented technology also, in one embodiment, makes use of a customer's mobile device to identify location-based retail services, which might include purchasing goods and services, processing a pharmacy order, an electronic receipt (i.e., an e-receipt) from a purchase, and returning an item from the e-receipt.

2.      Sam's Club and Walmart invested significant time, effort, and resources to develop the technology, including investing in and seeking patent protection on the inventions.

3.      Sam's Club also invested significant time and effort to develop its own feature in the Sam's Club mobile application called Scan & Go.  Scan & Go is a free feature that allows Sam's Club members to scan products while shopping in-store and make payments in the app without having to go through a checkout line.

4.      But after years of hard work, Plaintiffs' innovations were simply taken without permission by Defendant BJ's.

5.      Plaintiffs are informed and believe that in approximately November 2017, BJ's released its mobile application ("BJ's Mobile App").  In Q4 2021, BJ's released its Express Pay functionality included as part of the BJ's Mobile App. Express Pay is strikingly similar to Sam's Club's Scan & Go, offering nearly identical functionality.  According to BJ's, Express Pay enables BJ's Wholesale

2

Club members to scan items using BJ's Mobile App as they shop to make checkout faster.[1]  BJ's Express Pay allows a customer to "[s]can your item's barcode & add it to your cart," and "[w]alk right past the checkout line, no need to wait."[2]

6.      BJ's Mobile App and Express Pay have been successful for BJ's. Indeed, because of the success of the limited release of Express Pay, BJ's made Express Pay functionality available in the majority of club locations in Q4 2021. BJ's Mobile App and Express Pay incorporates Sam's Club's technology without Sam's Club's permission and infringes the Asserted Patents (defined below).

7.      Sam's Club has 46 locations in the State of Florida, including, at least, at the following addresses: 7701 E. Colonial Dr., Orlando, FL 32807; 7810 W. Colonial Dr., Orlando, FL 32818; 9498 S. Orange Blossom Tr., Orlando, FL 32837; and 11920 Narcoossee Rd, Orlando, FL 32832.

8.      As a result of Defendant's infringement in this District, Plaintiffs have suffered, and will continue to suffer, significant damages and irreparable harm. This action is to remedy that infringement and to enforce Plaintiffs' patent rights against BJ's.

---

[1] Express Pay at BJ's Wholesale Club | BJs Help Center
[2] BJs.com - BJ's Wholesale Club

EAST/189231991

## NATURE OF THE ACTION

9.     This is a civil action for patent infringement under the patent laws of the United States, 35 U.S.C. § 1, *et seq.*

10.     Defendant has directly infringed and continues to infringe, has contributed to and continues to contribute to infringement of, and has induced and continues to induce infringement of one or more claims of U.S. Patent Nos. 10,803,435 (the "'435 Patent"), 10,121,133 (the "'133 Patent"), 10,368,187 (the "'187 Patent"), and 10,368,188 (the "'188 Patent") (collectively, the "Asserted Patents") through its development, use, and commercialization of the BJ's Mobile App and BJ's Express Pay.

11.     As explained in more detail below, Plaintiffs are the legal owner and exclusive licensee of the Asserted Patents, which were duly and legally issued by the United States Patent and Trademark Office ("USPTO").   Plaintiffs seek injunctive relief and monetary damages.

## THE PARTIES

12.     Plaintiff Sam's West, Inc. is a corporation existing under the laws of the State of Delaware, with its principal place of business at 702 S.W. 8th Street #555, Bentonville, Arkansas, 72716.

13.     Plaintiff Walmart Apollo, LLC is a limited liability company existing under the laws of the State of Delaware, with its principal place of business at 702 S.W. 8th Street #555, Bentonville, Arkansas, 72716.

14.     On information and belief, Defendant BJ's is a corporation existing under the laws of the State of Delaware, with its principal place of business at 25 Research Drive, Westborough, Massachusetts 01581.

## JURISDICTION AND VENUE

15.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1332 and 1338(a) because this is a patent infringement action that arises under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*

16.     This Court has personal jurisdiction over Defendant BJ's.

17.     BJ's has committed, and continues to commit, acts of infringement in this District, has conducted business in this District, and/or has engaged in continuous and systematic activities in this District.

18.     On information and belief, BJ's has at least 35 locations within the State of Florida, including at the following addresses: 1540 W Boynton Beach Blvd., Boynton Beach, FL 33436; 1929 NE Pine Island Rd., Cape Coral, FL 33909; 26996 US Highway 19 N Clearwater, Clearwater, FL 33761; 2577 S. Hwy. 27, Clermont, FL 34711; 620 Riverside Dr., Coral Springs, FL 33071; 7050 Coral Way, Miami, FL 33155; 10425 Marlin Rd., Cutler Ridge, FL 33157; 5100 NW. 9th Ave., Fort

5

Lauderdale, FL 33309; 9372 6 Mile Cypress Parkway, Fort Myers, FL 33912; 8005 NW 95th St., Hialeah, FL 33016; 4000 Oakwood Blvd., Hollywood, FL 33020; 650 SE 8th St., Homestead, FL 33034; 12200 Atlantic Blvd., Jacksonville, FL 32225; 8046 Philips Hwy., Jacksonville, FL 32256; 4150 NW Federal Hwy., Jensen Beach, FL 34957; 7007 SW 117th Ave., Kendall, FL 33183; 1100 W Osceola Pkwy., Kissimmee, FL 34741; 13585 NE 86th Path, Lady Lake, FL 32159; 1155 Palm Bay Rd. NE, Melbourne, FL 32905; 415 East Merritt Ave., Merritt Island, FL 32953; 17250 NW 57th Ave., Hialeah, FL 33015; 560 Blanding Blvd, Orange Park, FL 32073; 4697 Millenia Plaza Way, Orlando, FL 32839; 12190 Lake Underhill Rd., Orlando, FL 32825; 5901 W Hillsboro Blvd., Parkland, FL 33067; 13700 Pines Blvd., Pembroke Pines, FL 33027; 7005 North Davis Highway, Pensacola, FL 32504; 19150 Quesada Ave, Port Charlotte, FL 33948; 1800 Dunlawton Ave., Port Orange, FL 32127; 500 N State Road 7, Royal Palm Beach, FL 33411; W State Rd. 46 and Upsala Rd., Sanford, FL 32771; 8085 Cooper Creek Blvd., University Park, FL 34201; 6290 Commerce Palms Blvd., Tampa, FL 33647; 7651 W. Waters Ave, Tampa, FL 33615; 16200 SW 88th St., Miami, FL 33196.

19.    This Court has personal jurisdiction over BJ's in this action because BJ's has committed acts within this District giving rise to this action and has established minimum contacts with this forum such that the exercise of jurisdiction over BJ's would not offend traditional notions of fair play and

6

substantial justice.  BJ's has committed and continues to commit acts of infringement by, among other things, making, using, offering to sell, and selling products and/or services that infringe the Asserted Patents, including BJ's Mobile App and Express Pay.

20.    This Court has specific personal jurisdiction over BJ's in this action pursuant to due process and the Florida Long-Arm Statute because the claims asserted herein arise out of or are related to BJ's voluntary contacts with this forum, such voluntary contacts including but not limited to: (i) at least a portion of the actions complained of herein; (ii) purposefully and voluntarily placing BJ's Mobile App and Express Pay into this District and into the stream of commerce with the intention and expectation that it will be acquired by customers and used in this District; or (iii) regularly doing or soliciting business, engaging in other persistent courses of conduct, or deriving substantial revenue from goods and services, including BJ's Mobile App and Express Pay, provided to customers in Florida and in this District.

21.    Venue is proper in this District under 28 U.S.C §§ 1391(b)(3) and 1400(b) for at least the reasons set forth above.  BJ's is registered to do business in Florida, and BJ's has transacted business in this District.  BJ's has regular and established places of business in this District.  BJ's has committed acts of direct and indirect infringement in this District.

EAST/189231991

22.     BJ's offers its products and/or services, including those accused herein of infringement, to customers and potential customers located in Florida and in this District.  As non-limiting examples, BJ's distributes products directly to customers and through its partners, including through Google's Google Play. Among its other businesses, BJ's is in the business of providing mobile-payment services in this District.

## ASSERTED PATENTS

23.     This cause of action asserts infringement of the '435 Patent, the '133 Patent, the '187 Patent, and the '188 Patent (collectively, the "Asserted Patents").

24.     The USPTO rigorously scrutinizes applications related to data processing and telecommunications inventions, such as the inventions claimed in the Asserted Patents.  That includes a strict examination to determine if the patent applications claim patent-eligible subject matter under 35 U.S.C. § 101.  A true and correct copy of the '435 Patent, entitled "Method for self-checkout with a mobile device," with David M. Nelms, Jason R. Todd, Tim W. Webb, Philip W. Marbut, and Douglas J. Ryner as the named inventors, is attached hereto as Exhibit 1.

25.     The '435 Patent duly and legally issued on October 13, 2020.

26.     The '435 Patent claims a specific, unconventional use of a mobile payment device to conduct mobile self-checkout. Conventional checkout technologies require the use of dedicated hardware at a static, singular, and

8

inflexible locations. For example, a traditional cashier staffs an immobile checkout station using dedicated checkout tools. The traditional cashier scans a customer' item, and then receives tender, at such a checkout station.

27.     By contrast, the '435 Patent claims the use of a mobile self-checkout invention, arranged in the particular, unconventional ordered combinations disclosed in, for example, claim 1 of the '435 Patent. Unlike conventional self-checkout tools, the invention of the '435 Patent does not require a specific checkout location or hardware dedicated exclusively to checkout.

28.     The unconventional invention of the '435 Patent also enables a number of technological benefits. For example, the '435 Patent enables retail establishments to streamline, limit, and even eliminate the need for conventional checkout-related hardware at traditional checkout stations. Further distinguishing conventional approaches to checkout, which require dedicated self-checkout hardware, the invention of the '435 Patent enables checkout via a multi-purpose mobile device is converted into a mobile point-of-sale device, but that need not be exclusive dedicated to self-checkout.

29.     Prior to October 13, 2010, the priority date for the '435 Patent, mobile devices were not conventionally converted into mobile point-of-sale devices in conformity with the ordered combination of specific instructions required by the claims of the '435 Patent.

9

30.     Walmart Apollo, LLC is the current owner by assignment of all rights, title, and interest in and under the '435 Patent.  Sam's Club is the exclusive licensee of the '435 Patent.  Plaintiffs have standing to sue for infringement of the '435 Patent.

31.     A true and correct copy of the '133 Patent, entitled "Method for self-checkout with a mobile device," with David M. Nelms, Jason R. Todd, Tim W. Webb, Philip W. Marbut, and Douglas J. Ryner as the named inventors, is attached hereto as Exhibit 2.

32.     The '133 Patent duly and legally issued on November 6, 2018.

33.     The '133 Patent, which shares a specification and priority date with the '435 Patent, also enables the inventive advantages described above in paragraphs 27-30.

34.     Moreover, the invention of the '133 Patent claims additional unconventional and inventive benefits. The '133 Patent provides for a specific, unconventional method for conducting a virtual checkout process. Unlike conventional checkout processes, which require a variety of real-world peripheral devices, the '133 Patent provides for purchasing goods with a dynamically generated unique identifier that is processed in an unconventional way, including by using a state container as recited in the claims. The invention claimed in the '133 Patent allows retailers to streamline and eliminate many or most of their

peripheral hardware needs associated with conventional checkout terminals, fundamentally altering—and improving—the conventional checkout process.

35.     Moreover, the invention of the '133 Patent explains that a number of steps—which can be resource-intensive with respect to computing power and processing power—are performed "on a server," rather than being performed on local checkout hardware. The '133 Patent's server-based processing allows for streamlining and centralization of resources related to computer processing power, rather than requiring each checkout device to have the full capability to process all steps of a transaction. Thus, the ordered combination of limitations in the '133 Patent, including its server-based processing steps, improves technologically over conventional devices that processed transactions locally.

36.     Walmart Apollo, LLC is the current owner by assignment of all rights, title, and interest in and under the '133 Patent.  Sam's Club is the exclusive licensee of the '133 Patent.  Plaintiffs have standing to sue for infringement of the '133 Patent.

37.     A true and correct copy of the '187 Patent, entitled "Systems and methods for identifying available location-based services," with David M. Nelms and Bradley J. Kieffer as the named inventors, is attached hereto as Exhibit 3.

38.     The '187 Patent duly and legally issued on July 30, 2019.

11

39.     The '187 Patent claims unconventional uses of location-specific computing devices, such as Bluetooth beacons, which work in conjunction with a services management framework invented by Walmart to provide geographically customized services to shoppers in a retail store. Walmart's inventive services management framework allows stores to evaluate the services that a customer is originally seeking, and then to dynamically map the original service to other, location-tailored services that are associated with the customer's original need. The claimed service management framework and its associated mapping function, integrated with the claimed location-specific computing devices as claimed in the '187 Patent, were neither known nor conventional before the priority date of the '187 Patent. Moreover, the integration of the claimed services management framework, mapping function, and location-specific devices enable a myriad of technological benefits.

40.     Walmart Apollo, LLC is the current owner by assignment of all rights, title, and interest in and under the '187 Patent.  Sam's Club is the exclusive licensee of the '187 Patent.  Plaintiffs have standing to sue for infringement of the '187 Patent.

41.     A true and correct copy of the '188 Patent, entitled "Systems and methods for identifying available location-based services," with David M. Nelms,

Bradley J. Kieffer, and Eytan Daniyalzade as the named inventors, is attached hereto as Exhibit 4.

42.     The '188 Patent duly and legally issued on July 30, 2019.

43.     The '188 Patent, which shares a specification and priority date with the '133 Patent, also enables the inventive advantages described above in paragraphs 39-40. Among other things, the '188 Patent integrates the unconventional services management framework and associated mapping functions into a distinctive set of systems that are disclosed in the ordered combination of limitations in the claims of the '188 Patent, based on dynamically generated machine-readable elements, rather than location-specific computing devices.

44.     The claimed service management framework and its associated mapping function, integrated with the claimed dynamically-generated machine-readable element as claimed in the '188 Patent, were neither known nor conventional before the priority date of the '188 Patent. Moreover, the integration of the claimed services management framework, mapping function, and dynamically-generated machine-readable element enable a myriad of technological benefits.

45.     Walmart Apollo, LLC is the current owner by assignment of all rights, title, and interest in and under the '188 Patent.  Sam's Club is the exclusive licensee

13

of the '188 Patent.  Plaintiffs have standing to sue for infringement of the '188 Patent.

## FACTUAL BACKGROUND

*Sam's Club's Technology*

46.    The financial services and telecommunications-based financial services industries, particularly within the retail environment, are industries of active change and innovation.

47.    Sam's Club and Walmart have frequently been on the front lines of that change and innovation.  Specifically, Sam's Club and Walmart invest significant time, effort, and resources to innovate and pursue patent protection for inventions that benefit the customer checkout experience.  Sam's Club's Scan and Go technology is one such example of Walmart's ability to innovate.

48.    The Asserted Patents result from the inventive work of the following inventors:

      (a)    David M. Nelms (Bentonville, AR),

      (b)    Jason R. Todd (Bentonville, AR),

      (c)    Tim W. Webb (Rogers, AR),

      (d)    Philip W. Marbut (deceased),

      (e)    Douglas J. Ryner (Cave Springs, AR),

      (f)    Bradley J. Kieffer (Bentonville, AR), and

14

(g)     Eytan Daniyalzade (New York, NY).

49.     The inventors' technological solutions, reflected and claimed in the Asserted Patents, provide novel solutions that improve customer service by minimizing an individual's wait time to receive services, while also improving the ease and accuracy of performing multiple services by scanning a machine-readable element using a mobile device.  The novel solutions further improve the efficiency of the computing environment by reducing network traffic by automating the authentication, payment and selection of services at a location.

50.     In 2016, Sam's Club rolled out its Scan & Go feature, available within the Sam's Club mobile app.  Scan & Go lets shoppers scan barcodes on items as they load them into their cart, then pay directly from their phone to bypass the checkout lanes.



51.     Specifically, Sam's Club's Scan & Go feature permits members to convert a mobile phone into a point-of-sale device. This is accomplished, in part,

by activating the mobile phone's camera to capture barcode data associated with an item the member intends to purchase.



52.     After the item is scanned, a virtual shopping cart is created to save information associated with the scanned items. Once the member is ready to checkout, the member can simply tap "Slide to Pay" and checkout with the items in the virtual cart.

16



53.     Once a member's payment has been authorized, Sam's Club sends a QR Code, which contains the receipt information, that will be scanned upon the member's exit from the store.  After the QR Code is scanned by a Sam's Club associate, the member's purchase is completed and a digital transaction receipt is sent to the member.

EAST/189231991



**Pay, show and go.**

Pay in the app and show your
digital receipt on your way out.

**3.** When you've purchased all your soap, toilet paper, and sourdough starter
ingredients, simply **show your digital receipt to the associate at the door** and head
out!

54.     In short, Plaintiffs created novel, elegant technological solutions to
improving the retail customer's checkout experience.

*BJ's Infringing Activities*

55.     In 2021, BJ's released its Express Pay functionality included as part of
the BJ's Mobile App.  According to BJ's, Express Pay enables BJ's Wholesale Club
members to scan items to BJ's Mobile App as they shop to make checkout faster.[3]
Express Pay is an apparent copy of Sam's Club's Scan & Go, merely changing the
in-app colors and changing the name from Scan & Go to Express Pay.

---

[3] Express Pay at BJ's Wholesale Club | BJs Help Center

56.     Specifically, like Sam's Club's Scan & Go, Express Pay, through the BJ's Mobile App, converts a customer's mobile phone into a point-of-sale device. This is accomplished, in part, by activating the mobile phone's camera to capture barcode data associated with an item the customer wishes to purchase.



57.     After the item is scanned, BJ's system creates a virtual shopping cart to save information associated with the scanned items for purchase. Once the customer is ready to checkout, the customer can simply tap "ExpressPay Checkout" and checkout with the items in the virtual cart.

EAST/189231991



58.     Once a member's payment has been authorized, BJ's system sends a QR Code, which contains the receipt information, that will be scanned upon the member's exit from the store.  After the QR Code is scanned by a BJ's employee, the member's purchase is completed and a digital transaction receipt is sent to the member.



**Will I need to show a receipt before leaving the store?** ⌄

A QR code is displayed on your device that will be scanned at the Front Door.
After the QR code is scanned by the BJ's Front Door Team Member they will scan
a number of items in your basket to validate that you have been charged
appropriately.

EAST/189231991

59.     BJ's promotes Express Pay as a system that allows a customer to "[s]can your item's barcode & add it to your cart," and "[w]alk right past the checkout line, no need to wait."[4]



60.     On information and belief, BJ's is infringing the Asserted Patents by making, using, providing, offering to sell, and selling the BJ's Mobile App and Express Pay system in this District and elsewhere in the United States, and by contributing to the infringement of, or inducing others to infringe the Asserted Patents.

---

[4] BJs.com - BJ's Wholesale Club

EAST/189231991

## COUNT I
## DIRECT INFRINGEMENT OF U.S. PATENT NO. 10,803,435

62.     The allegations of paragraphs 1-60 are incorporated by reference as if fully set forth herein and form the basis for the following cause of action against Defendant.

63.     Defendant's services and products (including the BJ's Mobile App and Express Pay) (collectively, the "Accused Methods and Products") are covered by at least claim 1 of the '877 Patent.

64.     Claim 1 of the '435 Patent recites:

> A method of converting a mobile phone into a mobile point-of-sale device, the method comprising:
>> executing a mobile self-checkout application on the mobile phone, the mobile self-checkout application allowing a user of the mobile phone to select items in a store and tender payment for the selected items via a user interface rendered by the mobile self-checkout application on a display of the mobile phone;
>> initiating a session between the mobile phone and a server, the session managed by a session manager;
>> rendering the user interface on a display of the mobile device by the mobile self-checkout application;
>> in response to selection of a scanning function via the user interface, activating an imaging device of the mobile phone to capture identification information associated with a physical object;
>> activating a radio transmitter of the mobile phone to transmit the captured identification information associated with the physical object to the server executing a virtual terminal sales application;
>> receiving, by the mobile phone, item information associated with the physical object from the server;

generating, by the mobile phone, a virtual shopping cart to save the item information associated with the physical object;

adding the item information of the physical object to the virtual shopping cart to maintain the order;

receiving instructions via the user interface of the mobile self-checkout application to check out, receiving, by the server, payment information to complete a transaction for the order in response to selection of a checkout function via the user interface;

completing, by the server, the transaction for the order based on the payment information; and

transmitting, by the server, receipt information to the mobile phone in response to completion of payment for the order;

rendering, by the mobile phone on the display, the receipt information in a machine-readable element; and

optically scanning the machine-readable element rendered on the display of the mobile phone, by an optical scanning machine in communication with the server, to confirm completion of payment for the order.

65.     Defendant has infringed and continues to infringe, literally and/or under the doctrine of equivalents, at least claim 1 of the '435 Patent in violation of 35 U.S.C. § 271(a) by, directly or through intermediaries and without Plaintiffs' authority, making, using, selling, and/or offering to sell the Accused Methods and Products in the United States.

66.     By way of illustration and not as a limitation to the full scope of its infringing activities, BJ's infringes claim 1 of the '435 Patent by having made and used Express Pay. A more detailed analysis of BJ's infringement of the '435 Patent can be found in Exhibit 5, which is incorporated in its entirety as if set forth herein.

67.     Defendant knew or should have known of the '435 Patent but was willfully blind to the existence of the '435 Patent.  Defendant has had actual knowledge of the '435 Patent since at least as early as the filing of and service of this Complaint.  By the time of the trial of this case, Defendant will have known and intended that its continued actions since receiving such notice would infringe and actively induce and contribute to the infringement of one or more claims of the '435 Patent.  Defendant's infringement of the '435 Patent has been willful and deliberate.

68.     Defendant's direct infringement has caused past and will cause ongoing injury to Plaintiffs.  Plaintiffs are entitled to recover damages adequate to compensate for Defendant's infringement.  Because Defendant's infringement has been and continues to be willful and deliberate, the Court should award enhanced damages under 35 U.S.C. § 284 and find this case exceptional and award attorney's fees under 35 U.S.C. § 285.

69.     Plaintiffs have suffered and will continue to suffer irreparable injury as a direct and proximate result of Defendant's infringement for which there is no adequate remedy at law.  Unless Defendant is enjoined, Plaintiffs will continue to suffer such irreparable injury.

70.     Defendant's direct infringement has been without authority and/or license from Plaintiffs.

25

## COUNT II
## INDUCED INFRINGEMENT OF U.S. PATENT NO. 10,803,435

71.     The allegations of paragraphs 1-60 are incorporated by reference as if fully set forth herein and form the basis for the following cause of action against Defendant. Exhibit 5 is also incorporated in its entirety as if set forth herein.

72.     Defendant has been actively inducing infringement of at least claim 1 of the '435 Patent in violation of 35 U.S.C. § 271(b). Users of the Accused Methods and Products directly infringed at least claim 1 of the '435 Patent when it uses the Accused Methods and Products in the ordinary, customary, and intended way as set forth in BJ's publications, which include but are not limited to those cited above.  Defendant's inducements included, without limitation and with specific intent to encourage the infringement, knowingly inducing consumers to use the Accused Methods and Products within the United States in the ordinary, customary, and intended way by, directly or through intermediaries, supplying the Accused Methods and Products to consumers within the United States and instructing and encouraging such customers (for example, by offering Express Pay) how to use the Accused Methods and Products in the ordinary, customary, and intended way, which Defendant knows or should know infringes at least claim 1 of the '435 Patent.

73.     Defendant's inducements may further include, without limitation and with specific intent to encourage the infringement, knowingly inducing

customers to use the Accused Methods and Products within the United States, or knowingly inducing customers to use the Accused Methods and Products within the United States, by, directly or through intermediaries, instructing and encouraging such customers to make, use, sell, or offer to sell the Accused Methods and Products in the United States, which Defendant knows or should know infringes at least claim 1 of the '435 Patent.

74.     Defendant knew or should have known of the '435 Patent but was willfully blind to the existence of the '435 Patent.  Defendant has had actual knowledge of the '435 Patent since at least as early as the filing of and service of this Complaint.  By the time of the trial of this case, Defendant will have known and intended that its continued actions since receiving such notice would infringe and actively induce and contribute to the infringement of one or more claims of the '435 Patent.  Defendant's infringement of the '435 Patent has been willful and deliberate.

75.     Defendant's induced infringement has caused past and will cause ongoing injury to Plaintiffs.  Plaintiffs are entitled to recover damages adequate to compensate for Defendant's infringement.  Because Defendant's infringement has been and continues to be willful and deliberate, the Court should award enhanced damages under 35 U.S.C. § 284 and find this case exceptional and award attorney's fees under 35 U.S.C. § 285.

76.     Plaintiffs have suffered and will continue to suffer irreparable injury as a direct and proximate result of Defendant's infringement for which there is no adequate remedy at law.  Unless Defendant is enjoined, Plaintiffs will continue to suffer such irreparable injury.

77.     Defendant's induced infringement has been without authority and/or license from Plaintiffs.

## COUNT III
## <u>CONTRIBUTORY INFRINGEMENT OF U.S. PATENT NO. 10,803,435</u>

78.     The allegations of paragraphs 1-60 are incorporated by reference as if fully set forth herein and form the basis for the following cause of action against Defendant. Exhibit 5 is also incorporated in its entirety as if set forth herein.

79.     Defendant has been actively contributing to infringement of at least claim 1 of the '435 Patent in violation of 35 U.S.C. § 271(c).  Defendant has installed the Express Pay system and application to enable a user of a mobile device to select items in a store and tender payment for the selected items via a user interface rendered by the mobile self-checkout application, which is specially made or especially adapted to practice the invention claimed in at least claim 1 of the '435 Patent.  Each Express Pay component constitutes a material part of the claimed invention recited in at least claim 1 of the '435 Patent and is not a staple article or commodity of commerce because it is specifically configured according to at least

claim 1 of the '435 Patent.  Defendant's contributions include, without limitation, making, offering to sell, and/or selling within the United States, and/or importing into the United States, the Accused Methods and Products, which includes one or more components for use in practicing the patented process, knowing the component to be especially made or especially adapted for use in an infringement of at least claim 1 of the '435 Patent, and not a staple article or commodity of commerce suitable for substantial non-infringing use.

80.     Defendant knew or should have known of the '435 Patent but was willfully blind to the existence of the '435 Patent.  Defendant has had actual knowledge of the '435 Patent since at least as early as the filing of and service of this Complaint.  By the time of the trial of this case, Defendant will have known and intended that its continued actions since receiving such notice would infringe and actively induce and contribute to the infringement of one or more claims of the '435 Patent.  Defendant's infringement of the '435 Patent has been willful and deliberate.

81.     Defendant's contributory infringement has caused past and will cause ongoing injury to Plaintiffs.  Plaintiffs are entitled to recover damages adequate to compensate for Defendant's infringement.  Because Defendant's infringement has been and continues to be willful and deliberate, the Court should

award enhanced damages under 35 U.S.C. § 284 and find this case exceptional and award attorney's fees under 35 U.S.C. § 285.

82.     Plaintiffs have suffered and will continue to suffer irreparable injury as a direct and proximate result of Defendant's infringement for which there is no adequate remedy at law.  Unless Defendant is enjoined, Plaintiffs will continue to suffer such irreparable injury.

83.     Defendant's contributory infringement has been without authority and/or license from Plaintiffs.

## COUNT IV
## DIRECT INFRINGEMENT OF U.S. PATENT NO. 10,121,133

84.     The allegations of paragraphs 1-60 are incorporated by reference as if fully set forth herein and form the basis for the following cause of action against Defendant.

85.     The Accused Methods and Products are covered by at least claim 1 of the '133 Patent.

86.     Claim 1 of the '133 Patent recites:

> A method for purchasing an item using a mobile device comprising:
> executing a first application on a server;
> receiving, on the server, from a mobile device, identification information for each item to be purchased in response to an interaction between a user and a user interface of the mobile device;
> executing a second application on the server, in response to receiving the identification information for each item from the mobile device;

creating, on the server, an order associated with the session including item information upon receiving, from the mobile device, the identification information for each item to be purchased as the identification information is received by the server;

generating dynamically, on the server, a unique identifier representing the order;

storing the order including item information associated with the item and the dynamically generated unique identifier for the order, in a state container within the first application on the server, the item information being identified based on the identification information;

importing, by the second application, the order from the state container;

transmitting the item information imported by the second application on the server to the mobile device, the item information being included in a virtual shopping cart that is (i) representative of the order stored on the server, (ii) accessible on the mobile device, and (iii) associated with an optical machine-readable representation dynamically generated by the mobile device to include the dynamically generated unique identifier encoded therein, the item information being kept in the virtual shopping cart for a predefined period of time, after which the item information is deleted;

optically scanning, via an optical scanning machine of a point-of-sale terminal, the optical machine-readable representation displayed by the mobile device and corresponding to the order to extract and decode the unique identifier encoded in the optical machine-readable representation;

transmitting the dynamically generated unique identifier from the point-of-sale terminal to the server to retrieve the order;

importing, by the second application, the order using the dynamically generated unique identifier from the state container;

receiving the order from the second application on the server sever at the point-of-sale terminal in response to transmission of the unique identifier to the server;

> completing, via the point-of-sale terminal, a transaction based on the order received by the point-of-sale terminal from the server; and
>
> generating, by the point-of-sale terminal, a receipt acknowledging completion of the transaction.

87.     Defendant has infringed and continues to infringe, literally and/or under the doctrine of equivalents, at least claim 1 of the '133 Patent in violation of 35 U.S.C. § 271(a) by, directly or through intermediaries and without Plaintiffs' authority, making, using, selling, and/or offering to sell the Accused Methods and Products in the United States.

88.     By way of illustration and not as a limitation to the full scope of its infringing activities, BJ's infringes claim 1 of the '133 Patent by having made and used Express Pay. A more detailed analysis of BJ's infringement of the '133 Patent can be found in Exhibit 6, which is incorporated in its entirety as if set forth herein.

89.     Defendant knew or should have known of the '133 Patent but was willfully blind to the existence of the '133 Patent.  Defendant has had actual knowledge of the '133 Patent since at least as early as the filing of and service of this Complaint.  By the time of the trial of this case, Defendant will have known and intended that its continued actions since receiving such notice would infringe and actively induce and contribute to the infringement of one or more claims of the '133 Patent.  Defendant's infringement of the '133 Patent has been willful and deliberate.

90.     Defendant's direct infringement has caused past and will cause ongoing injury to Plaintiffs.  Plaintiffs are entitled to recover damages adequate to compensate for Defendant's infringement.  Because Defendant's infringement has been and continues to be willful and deliberate, the Court should award enhanced damages under 35 U.S.C. § 284 and find this case exceptional and award attorney's fees under 35 U.S.C. § 285.

91.     Plaintiffs have suffered and will continue to suffer irreparable injury as a direct and proximate result of Defendant's infringement for which there is no adequate remedy at law.  Unless Defendant is enjoined, Plaintiffs will continue to suffer such irreparable injury.

92.     Defendant's direct infringement has been without authority and/or license from Plaintiffs.

**COUNT V**
**INDUCED INFRINGEMENT OF U.S. PATENT NO. 10,121,133**

93.     The allegations of paragraphs 1-60 are incorporated by reference as if fully set forth herein and form the basis for the following cause of action against Defendant. Exhibit 6 is also incorporated in its entirety as if set forth herein.

94.     Defendant has been actively inducing infringement of at least claim 1 of the '133 Patent in violation of 35 U.S.C. § 271(b).  Users of the Accused Methods and Products directly infringed at least claim 1 of the '133 Patent when it uses the Accused Methods and Products in the ordinary, customary, and intended way as

33

set forth in BJ's publications and source code, which include but are not limited to those cited above.  Defendant's inducements included, without limitation and with specific intent to encourage the infringement, knowingly inducing consumers to use the Accused Methods and Products within the United States in the ordinary, customary, and intended way by, directly or through intermediaries, supplying the Accused Methods and Products to consumers within the United States and instructing and encouraging such customers (for example, by offering Express Pay) how to use the Accused Methods and Products in the ordinary, customary, and intended way, which Defendant knows or should know infringes at least claim 1 of the '133 Patent.

95.     Defendant's inducements may further include, without limitation and with specific intent to encourage the infringement, knowingly inducing customers to use the Accused Methods and Products within the United States, or knowingly inducing customers to use the Accused Methods and Products within the United States, by, directly or through intermediaries, instructing and encouraging such customers to make, use, sell, or offer to sell the Accused Methods and Products in the United States, which Defendant knows or should know infringes at least claim 1 of the '133 Patent.

96.     Defendant knew or should have known of the '133 Patent but was willfully blind to the existence of the '133 Patent.  Defendant has had actual

knowledge of the '133 Patent since at least as early as the filing of and service of this Complaint.  By the time of the trial of this case, Defendant will have known and intended that its continued actions since receiving such notice would infringe and actively induce and contribute to the infringement of one or more claims of the '133 Patent.  Defendant's infringement of the '133 Patent has been willful and deliberate.

97.    Defendant's induced infringement has caused past and will cause ongoing injury to Plaintiffs.  Plaintiffs are entitled to recover damages adequate to compensate for Defendant's infringement.  Because Defendant's infringement has been and continues to be willful and deliberate, the Court should award enhanced damages under 35 U.S.C. § 284 and find this case exceptional and award attorney's fees under 35 U.S.C. § 285.

98.    Plaintiffs have suffered and will continue to suffer irreparable injury as a direct and proximate result of Defendant's infringement for which there is no adequate remedy at law.  Unless Defendant is enjoined, Plaintiffs will continue to suffer such irreparable injury.

99.    Defendant's induced infringement has been without authority and/or license from Plaintiffs.

## COUNT VI
## CONTRIBUTORY INFRINGEMENT OF U.S. PATENT NO. 10,121,133

100.    The allegations of paragraphs 1-60 are incorporated by reference as if fully set forth herein and form the basis for the following cause of action against Defendant. Exhibit 6 is also incorporated in its entirety as if set forth herein.

101.    Defendant has been actively contributing to infringement of at least claim 1 of the '133 Patent in violation of 35 U.S.C. § 271(c).  Defendant has installed the Express Pay system and application to enable a user of a mobile device to select items in a store and self-checkout via a user interface rendered by the mobile self-checkout application, which is specially made or especially adapted to practice the invention claimed in at least claim 1 of the '133 Patent.  Each Express Pay component constitutes a material part of the claimed invention recited in at least claim 1 of the '133 Patent and is not a staple article or commodity of commerce because it is specifically configured according to at least claim 1 of the '133 Patent. Defendant's contributions include, without limitation, making, offering to sell, and/or selling within the United States, and/or importing into the United States, the Accused Methods and Products, which includes one or more components for use in practicing the patented process, knowing the component to be especially made or especially adapted for use in an infringement of at least claim 1 of the '133 Patent, and not a staple article or commodity of commerce suitable for substantial non-infringing use.

36

102.   Defendant knew or should have known of the '133 Patent but was willfully blind to the existence of the '133 Patent.  Defendant has had actual knowledge of the '133 Patent since at least as early as the filing of and service of this Complaint.  By the time of the trial of this case, Defendant will have known and intended that its continued actions since receiving such notice would infringe and actively induce and contribute to the infringement of one or more claims of the '133 Patent.  Defendant's infringement of the '133 Patent has been willful and deliberate.

103.   Defendant's contributory infringement has caused past and will cause ongoing injury to Plaintiffs.  Plaintiffs are entitled to recover damages adequate to compensate for Defendant's infringement.  Because Defendant's infringement has been and continues to be willful and deliberate, the Court should award enhanced damages under 35 U.S.C. § 284 and find this case exceptional and award attorney's fees under 35 U.S.C. § 285.

104.   Plaintiffs have suffered and will continue to suffer irreparable injury as a direct and proximate result of Defendant's infringement for which there is no adequate remedy at law.  Unless Defendant is enjoined, Plaintiffs will continue to suffer such irreparable injury.

105.   Defendant's contributory infringement has been without authority and/or license from Plaintiffs.

## COUNT VII
## DIRECT INFRINGEMENT OF THE U.S. PATENT NO. 10,368,187

106.    The allegations of paragraphs 1-60 are incorporated by reference as if fully set forth herein and form the basis for the following cause of action against Defendant.

107.    The Accused Methods and Products are covered by at least claim 1 of the '187 Patent.

108.    Claim 1 of the '187 Patent recites:

> A system for identifying available location-based services, the system comprising:
>> a mobile application executable on a mobile computing device operated by a user;
>> a database storing one or more previously ordered services associated with the user, wherein the one or more previously ordered services are pending services that are not yet complete due to the services requiring an interaction of the user with a physical facility;
>> a plurality of location-specific computing devices located at a plurality of locations within a facility that are configured to use location-based wireless communication to transmit a code to the mobile application that identifies types of services available to be performed at a location of a location-specific computing device, at least one available service differing between two of the plurality of locations, wherein the available types of services are location-based services capable of being performed at a location of a location-specific computing device;
>> a machine-readable element configured to provide location information used in initiating performance of one or more available ordered services; and
>> a server communicatively coupled to the database and the mobile application and hosting a services management framework

configured to map the one or more previously ordered services to the one or more available types of services to determine one or more available ordered services at a location of a location-specific computing device, wherein the one or more available ordered services are ordered services capable of being performed at a location of a location-specific computing device,

wherein the mobile application is configured to:

receive a code from a first location-specific computing device of the plurality of location-specific computing devices;

identify one or more available types of services based on the code;

transmit, to the services management framework, the identification of the one or more available types of services and user authentication data;

receive an indication from the services management framework of the one or more available ordered services;

decode the machine-readable element to decode location information; and

initiate performance of at least one of the one or more available ordered services determined by the services management framework using the decoded location information.

109.    Defendant has infringed and continues to infringe, literally and/or under the doctrine of equivalents, at least claim 1 of the '187 Patent in violation of 35 U.S.C. § 271(a) by, directly or through intermediaries and without Plaintiffs' authority, making, using, selling, and/or offering to sell the Accused Methods and Products in the United States.

110.    By way of illustration and not as a limitation to the full scope of its infringing activities, BJ's infringes claim 1 of the '187 Patent by having made and used the BJ's Mobile App and Express Pay. A more detailed analysis of BJ's

39

infringement of the '187 Patent can be found in Exhibit 7, which is incorporated in its entirety as if set forth herein.

111.     Defendant knew or should have known of the '187 Patent but was willfully blind to the existence of the '187 Patent.  Defendant has had actual knowledge of the '187 Patent since at least as early as the filing of and service of this Complaint.  By the time of the trial of this case, Defendant will have known and intended that its continued actions since receiving such notice would infringe and actively induce and contribute to the infringement of one or more claims of the '187 Patent.  Defendant's infringement of the '187 Patent has been willful and deliberate.

112.     Defendant's direct infringement has caused past and will cause ongoing injury to Plaintiffs.  Plaintiffs are entitled to recover damages adequate to compensate for Defendant's infringement.  Because Defendant's infringement has been and continues to be willful and deliberate, the Court should award enhanced damages under 35 U.S.C. § 284 and find this case exceptional and award attorney's fees under 35 U.S.C. § 285.

113.     Plaintiffs have suffered and will continue to suffer irreparable injury as a direct and proximate result of Defendant's infringement for which there is no adequate remedy at law.  Unless Defendant is enjoined, Plaintiffs will continue to suffer such irreparable injury.

114.     Defendant's direct infringement has been without authority and/or license from Plaintiffs.

## COUNT VIII
## INDUCED INFRINGEMENT OF THE U.S. PATENT NO. 10,368,187

115.     The allegations of paragraphs 1-60 are incorporated by reference as if fully set forth herein and form the basis for the following cause of action against Defendant. Exhibit 7 is also incorporated in its entirety as if set forth herein.

116.     Defendant has been actively inducing infringement of at least claim 1 of the '187 Patent in violation of 35 U.S.C. § 271(b).  Users of the Accused Methods and Products directly infringed at least claim 1 of the '187 Patent when it uses the Accused Methods and Products in the ordinary, customary, and intended way as set forth in BJ's publications and source code, which include but are not limited to those cited above.  Defendant's inducements included, without limitation and with specific intent to encourage the infringement, knowingly inducing consumers to use the Accused Methods and Products within the United States in the ordinary, customary, and intended way by, directly or through intermediaries, supplying the Accused Methods and Products to consumers within the United States and instructing and encouraging such customers (for example, by offering a system for identifying available location-based services through the BJ's Mobile App) how to use the Accused Methods and Products in the ordinary, customary,

and intended way, which Defendant knows or should know infringes at least claim 1 of the '187 Patent.

117.  Defendant's inducements may further include, without limitation and with specific intent to encourage the infringement, knowingly inducing customers to use the Accused Methods and Products within the United States, or knowingly inducing customers to use the Accused Methods and Products within the United States, by, directly or through intermediaries, instructing and encouraging such customers to make, use, sell, or offer to sell the Accused Methods and Products in the United States, which Defendant knows or should know infringes at least claim 1 of the '187 Patent.

118.  Defendant knew or should have known of the '187 Patent but was willfully blind to the existence of the '187 Patent.  Defendant has had actual knowledge of the '187 Patent since at least as early as the filing of and service of this Complaint.  By the time of the trial of this case, Defendant will have known and intended that its continued actions since receiving such notice would infringe and actively induce and contribute to the infringement of one or more claims of the '187 Patent.  Defendant's infringement of the '187 Patent has been willful and deliberate.

119.  Defendant's induced infringement has caused past and will cause ongoing injury to Plaintiffs.  Plaintiffs are entitled to recover damages adequate to

compensate for Defendant's infringement.  Because Defendant's infringement has been and continues to be willful and deliberate, the Court should award enhanced damages under 35 U.S.C. § 284 and find this case exceptional and award attorney's fees under 35 U.S.C. § 285.

120.    Plaintiffs have suffered and will continue to suffer irreparable injury as a direct and proximate result of Defendant's infringement for which there is no adequate remedy at law.  Unless Defendant is enjoined, Plaintiffs will continue to suffer such irreparable injury.

121.    Defendant's induced infringement has been without authority and/or license from Plaintiffs.

### COUNT IX
### CONTRIBUTORY INFRINGEMENT OF THE U.S. PATENT NO. 10,368,187

122.    The allegations of paragraphs 1-60 are incorporated by reference as if fully set forth herein and form the basis for the following cause of action against Defendant. Exhibit 7 is also incorporated in its entirety as if set forth herein.

123.    Defendant has been actively contributing to infringement of at least claim 1 of the '187 Patent in violation of 35 U.S.C. § 271(c).  Defendant has installed the BJ's Mobile App system and application to enable identification of available location-based services, which is specially made or especially adapted to practice the invention claimed in at least claim 1 of the '187 Patent.  Each component of BJ's Mobile App constitutes a material part of the claimed invention recited in at least

43

claim 1 of the '187 Patent and is not a staple article or commodity of commerce because it is specifically configured according to at least claim 1 of the '187 Patent. Defendant's contributions include, without limitation, making, offering to sell, and/or selling within the United States, and/or importing into the United States, the Accused Methods and Products, which includes one or more components for use in practicing the patented process, knowing the component to be especially made or especially adapted for use in an infringement of at least claim 1 of the '187 Patent, and not a staple article or commodity of commerce suitable for substantial non-infringing use.

124.   Defendant knew or should have known of the '187 Patent but was willfully blind to the existence of the '187 Patent.  Defendant has had actual knowledge of the '187 Patent since at least as early as the filing of and service of this Complaint.  By the time of the trial of this case, Defendant will have known and intended that its continued actions since receiving such notice would infringe and actively induce and contribute to the infringement of one or more claims of the '187 Patent.  Defendant's infringement of the '187 Patent has been willful and deliberate.

125.   Defendant's contributory infringement has caused past and will cause ongoing injury to Plaintiffs.  Plaintiffs are entitled to recover damages adequate to compensate for Defendant's infringement.  Because Defendant's

44

infringement has been and continues to be willful and deliberate, the Court should award enhanced damages under 35 U.S.C. § 284 and find this case exceptional and award attorney's fees under 35 U.S.C. § 285.

126.    Plaintiffs have suffered and will continue to suffer irreparable injury as a direct and proximate result of Defendant's infringement for which there is no adequate remedy at law.  Unless Defendant is enjoined, Plaintiffs will continue to suffer such irreparable injury.

127.    Defendant's contributory infringement has been without authority and/or license from Plaintiffs.

## COUNT X
## DIRECT INFRINGEMENT OF THE U.S. PATENT NO. 10,368,188

128.    The allegations of paragraphs 1-60 are incorporated by reference as if fully set forth herein and form the basis for the following cause of action against Defendant.

129.    The Accused Methods and Products are covered by at least claim 1 of the '188 Patent.

130.    Claim 1 of the '188 Patent recites:

A system for identifying location-based services, the system comprising:
   a mobile application executable on a mobile computing device operated by a user;
   a database storing one or more previously ordered services associated with the user, wherein the one or more previously ordered services are pending services that are not yet

45

complete due to the services requiring an interaction of the user with a physical facility;

a machine-readable element generator associated with a local computing device and located within the physical facility, the machine-readable element generator configured to generate and display a machine-readable element that identifies types of services available to be performed at a location of the machine-readable element, wherein the one or more available types of services are location-based services capable of being performed at a location of the local computing device associated with the machine-readable element; and

a server communicatively coupled to the database and the mobile application and hosting a services management framework configured to map the one or more previously ordered services to the one or more available types of services to determine one or more available previously ordered services at the location of the machine-readable element, wherein the one or more available previously ordered services are ordered services capable of being performed at the location of the local computing device associated with the machine-readable element,

wherein the mobile application is configured to:

scan and decode the machine-readable element, the machine-readable element providing the mobile application with an identity of the local computing device associated with the machine-readable element;

identify the one or more available types of services based on the decoded machine readable element;

transmit, to the services management framework, the identification of the one or more available types of services so that the services management framework determines one or more available previously ordered services at the location of the machine-readable element;

receive, from the services management framework, an indication of the one or more available previously ordered services;

receive a user selection to initiate performance of at least one of the one or more available previously ordered services; and

46

communicate the selected one or more available previously ordered services, authentication information, and location identification information to the local computing device to initiate performance of the selected one or more available previously ordered services.

131.    Defendant has infringed and continues to infringe, literally and/or under the doctrine of equivalents, at least claim 1 of the '188 Patent in violation of 35 U.S.C. § 271(a) by, directly or through intermediaries and without Plaintiffs' authority, making, using, selling, and/or offering to sell the Accused Methods and Products in the United States.

132.    By way of illustration and not as a limitation to the full scope of its infringing activities, BJ's infringes claim 1 of the '420 Patent by having made and used the BJ's Mobile App and Express Pay. A more detailed analysis of BJ's infringement of the '188 Patent can be found in Exhibit 8, which is incorporated in its entirety as if set forth herein.

133.    Defendant knew or should have known of the '188 Patent but was willfully blind to the existence of the '188 Patent.  Defendant has had actual knowledge of the '188 Patent since at least as early as the filing of and service of this Complaint.  By the time of the trial of this case, Defendant will have known and intended that its continued actions since receiving such notice would infringe and actively induce and contribute to the infringement of one or more claims of

the '188 Patent.  Defendant's infringement of the '188 Patent has been willful and deliberate.

134.    Defendant's direct infringement has caused past and will cause ongoing injury to Plaintiffs.  Plaintiffs are entitled to recover damages adequate to compensate for Defendant's infringement.  Because Defendant's infringement has been and continues to be willful and deliberate, the Court should award enhanced damages under 35 U.S.C. § 284 and find this case exceptional and award attorney's fees under 35 U.S.C. § 285.

135.    Plaintiffs have suffered and will continue to suffer irreparable injury as a direct and proximate result of Defendant's infringement for which there is no adequate remedy at law.  Unless Defendant is enjoined, Plaintiffs will continue to suffer such irreparable injury.

136.    Defendant's direct infringement has been without authority and/or license from Plaintiffs.

## COUNT XI
## INDIRECT INFRINGEMENT OF THE U.S. PATENT NO. 10,368,188

137.    The allegations of paragraphs 1-60 are incorporated by reference as if fully set forth herein and form the basis for the following cause of action against Defendant. Exhibit 8 is also incorporated in its entirety as if set forth herein.

138.    Defendant has been actively inducing infringement of at least claim 1 of the '188 Patent in violation of 35 U.S.C. § 271(b).  Users of the Accused Methods

48

and Products directly infringed at least claim 1 of the '188 Patent when it uses the Accused Methods and Products in the ordinary, customary, and intended way as set forth in BJ's publications and source code, which include but are not limited to those cited above.  Defendant's inducements included, without limitation and with specific intent to encourage the infringement, knowingly inducing consumers to use the Accused Methods and Products within the United States in the ordinary, customary, and intended way by, directly or through intermediaries, supplying the Accused Methods and Products to consumers within the United States and instructing and encouraging such customers (for example, by offering a system for identifying available location-based services through the BJ's Mobile App) how to use the Accused Methods and Products in the ordinary, customary, and intended way, which Defendant knows or should know infringes at least claim 1 of the '188 Patent.

139.   Defendant's inducements may further include, without limitation and with specific intent to encourage the infringement, knowingly inducing customers to use the Accused Methods and Products within the United States, or knowingly inducing customers to use the Accused Methods and Products within the United States, by, directly or through intermediaries, instructing and encouraging such customers to make, use, sell, or offer to sell the Accused

Methods and Products in the United States, which Defendant knows or should know infringes at least claim 1 of the '188 Patent.

140.    Defendant knew or should have known of the '188 Patent but was willfully blind to the existence of the '188 Patent.  Defendant has had actual knowledge of the '188 Patent since at least as early as the filing of and service of this Complaint.  By the time of the trial of this case, Defendant will have known and intended that its continued actions since receiving such notice would infringe and actively induce and contribute to the infringement of one or more claims of the '188 Patent.  Defendant's infringement of the '188 Patent has been willful and deliberate.

141.    Defendant's induced infringement has caused past and will cause ongoing injury to Plaintiffs.  Plaintiffs are entitled to recover damages adequate to compensate for Defendant's infringement.  Because Defendant's infringement has been and continues to be willful and deliberate, the Court should award enhanced damages under 35 U.S.C. § 284 and find this case exceptional and award attorney's fees under 35 U.S.C. § 285.

142.    Plaintiffs have suffered and will continue to suffer irreparable injury as a direct and proximate result of Defendant's infringement for which there is no adequate remedy at law.  Unless Defendant is enjoined, Plaintiffs will continue to suffer such irreparable injury.

50

EAST/189231991

143.    Defendant's induced infringement has been without authority and/or license from Plaintiffs.

## COUNT XII
## CONTRIBUTORY INFRINGEMENT OF THE U.S. PATENT NO. 10,368,188

144.    The allegations of paragraphs 1-60 are incorporated by reference as if fully set forth herein and form the basis for the following cause of action against Defendant. Exhibit 8 is also incorporated in its entirety as if set forth herein.

145.    Defendant has been actively contributing to infringement of at least claim 1 of the '188 Patent in violation of 35 U.S.C. § 271(c).  Defendant has installed the BJ's Mobile App system and application to enable identification of available location-based services, which is specially made or especially adapted to practice the invention claimed in at least claim 1 of the '188 Patent.  Each component of BJ's Mobile App constitutes a material part of the claimed invention recited in at least claim 1 of the '188 Patent and is not a staple article or commodity of commerce because it is specifically configured according to at least claim 1 of the '188 Patent. Defendant's contributions include, without limitation, making, offering to sell, and/or selling within the United States, and/or importing into the United States, the Accused Methods and Products, which includes one or more components for use in practicing the patented process, knowing the component to be especially made or especially adapted for use in an infringement of at least claim 1 of the '188

Patent, and not a staple article or commodity of commerce suitable for substantial non-infringing use.

146.    Defendant knew or should have known of the '188 Patent but was willfully blind to the existence of the '188 Patent.  Defendant has had actual knowledge of the '188 Patent since at least as early as the filing of and service of this Complaint.  By the time of the trial of this case, Defendant will have known and intended that its continued actions since receiving such notice would infringe and actively induce and contribute to the infringement of one or more claims of the '188 Patent.  Defendant's infringement of the '188 Patent has been willful and deliberate.

147.    Defendant's contributory infringement has caused past and will cause ongoing injury to Plaintiffs.  Plaintiffs are entitled to recover damages adequate to compensate for Defendant's infringement.   Because Defendant's infringement has been and continues to be willful and deliberate, the Court should award enhanced damages under 35 U.S.C. § 284 and find this case exceptional and award attorney's fees under 35 U.S.C. § 285.

148.    Plaintiffs have suffered and will continue to suffer irreparable injury as a direct and proximate result of Defendant's infringement for which there is no adequate remedy at law.  Unless Defendant is enjoined, Plaintiffs will continue to suffer such irreparable injury.

EAST/189231991

149.    Defendant's contributory infringement has been without authority and/or license from Plaintiffs.

## DEMAND FOR JURY TRIAL

150.    Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiffs request a jury trial of all issues triable of right by a jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that the Court enter an order providing the following relief:

(a)  A judgment in favor of Plaintiffs that Defendant has infringed each Asserted Patent, whether literally or under the doctrine of equivalents;

(b)  A judgment that such infringement of each Asserted Patent has been willful and deliberate as described herein;

(c)  A judgment and order permanently enjoining Defendant, its officers, agents, servants, employees, attorneys, and all those persons in active concert or participation with it, from further acts of infringement of the Asserted Patents pursuant to 35 U.S.C. § 283;

(d)  A judgment and order requiring Defendant to pay Plaintiffs' damages, costs, expenses, and pre-judgment and post-judgment interest for Defendant's infringement of each Asserted Patent as provided under 35 U.S.C. §

284, including supplemental damages for any continuing post-verdict or post-judgment infringement with an accounting as needed;

(e) A judgment and order requiring Defendant to pay Plaintiffs enhanced damages for willful infringement as provided under 35 U.S.C. § 284;

(f) A judgment and order finding this case exceptional and requiring Defendant to pay Plaintiffs their reasonable attorneys' fees and costs incurred in this litigation pursuant to 35 U.S.C. § 285, together with pre-judgment and post-judgment interest thereon; and

(g) Awarding Plaintiffs all such other and further relief, in law or equity, as the Court deems just and proper under the circumstances.

Dated: March 22, 2022           Respectfully submitted,

**DLA PIPER LLP (US)**

*/s/ Ardith Bronson*
Ardith Bronson (FBN 423025)
DLA Piper LLP (US)
200 South Biscayne Blvd. Ste. 2500
Miami, Florida 33131
Tel: (305) 423-8500
Fax: (305) 437-8131
Email: ardith.bronson@us.dlapiper.com

Kathryn Riley Grasso (*pro hac vice* forthcoming)
Christian Chessman (*pro hac vice* forthcoming)
Henry R. Fildes (*pro hac vice* forthcoming)
DLA Piper LLP (US)
500 Eighth Street NW

Washington, DC 20004
Tel: (202) 799-4000
Fax: (202) 799-5000
Email: kathryn.riley@us.dlapiper.com
Email: christian.chessman@us.dlapiper.com
Email: henry.fildes@us.dlapiper.com

Patrick Park (*pro hac vice* forthcoming)
DLA Piper LLP (US)
2000 Avenue of the Stars
Suite 400 North Tower
Los Angeles, CA
Tel: (310) 595-3000
Fax: (310) 595-3300
Email: patrick.park@us.dlapiper.com

***Attorneys for Plaintiffs Sam's West, Inc.
and Walmart Apollo, LLC***