**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

SAM'S WEST, INC. and
WALMART APOLLO, LLC,

               *Plaintiffs*,

    v.

                                     Case No. 6:22-cv-587-WWB-GJK

BJ'S WHOLESALE CLUB HOLDINGS,
INC.,

               *Defendant*.

_____/

**PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION FOR LEAVE**
**TO FILE A REPLY BRIEF**

      Defendant BJ's Wholesale Club Holdings, Inc. ("Defendant") seeks to file a reply brief to its motion to dismiss to address arguments Sam's Club made in its Opposition. This does not constitute the good cause required to justify deviating from this District's ordinary practice in deciding motions based on a motion and response. Accordingly, the Court should deny Defendant's motion.

      Because the Middle District's rules presumptively prohibit reply briefs, the party seeking a reply must "show good cause" for doing so. *Easterwood v. Sedgwick Claims*, No. 6:19-cv-700, 2019 WL 12471699 (M.D. Fla. Dec. 20, 2019) (cited by Defendant's Mot. at 2) (quoting *McDonald v. United States*, No. 3:13-cv-168-J-37MCR, 2013 WL 3901871, at *1 n.3 (M.D. Fla. July 29, 2013)). Further, even when a movant shows good cause, a reply will not be allowed unless the movant also can show that "the reply will benefit the Court's resolution of the pending motion." *Id.* (quoting *Schumann v. Collier Anesthesia, P.A.*, No. 2:12-cv-3470-FtM-29CM, 2014 WL 1230644, at *4 n.3 (M.D. Fla.

Mar. 25, 2014)).  Here, three separate grounds show why Defendant cannot demonstrate good cause or show that the Court needs a reply to evaluate the motion to dismiss.

First, Defendant does not need to introduce new facts because of the procedural posture of the underlying motion; i.e., a motion to dismiss. Every case cited by Defendant arises outside the context of a motion to dismiss, and instead involved fact-intensive disputes that benefited from a party's addition of factual support to the record. For example, *Easterwood* addressed class certification in an FLSA action, and allowed a party "to submit 'new' evidence on reply," because this factual evidence was only "received" after "the Motion for Certification was filed." *Easterwood*, 2019 WL 12471699, at *1-2 (cited by Defendant, Mot. at 2). Given the fact-intensive nature of the underlying class certification motion in *Easterwood*, and the timing on which the evidence was received, the Court allowed a reply brief on such evidence.[1]

*Ottaviano v. Nautilus* (cited by Defendant, Mot. at 2), is similar—it involved a fact-intensive challenge "to determine entitlement to attorney's fees and costs," which both requires factual inquiry to determine both whether fees are warranted (e.g., by considering the entire history of litigation from filing to resolution) and additional extrinsic evidence to determine the amount of fees (e.g., prevailing rates, reasonableness of hours and entries, and the like). 2009 WL 425976 at *2 (M.D. Fla. Feb. 19, 2009).

Finally, *Fiddler's Creek* involved a plaintiff who filed, without leave of court, a 31-page response brief (significantly exceeding the 20 page limit). 2:14-cv-379, 2015 WL

---

[1] Sam's Club principally submits that the Court has the information and tools it needs without further input, and should therefore deny Defendant's motion. However, if the Court grants Defendant's motion, then following the course approved in *Easterwood*, Sam's Club respectfully requests leave to file a surreply of equal length.

4470093 (M.D. Fla. July 21, 2015) (cited by Defendant, Mot. at 2). "Instead of moving to strike Plaintiff's Response for exceeding the page limitation . . . Defendants filed a Motion to File Reply." *Id.* The Court found good cause to grant the motion to file a reply to redress the unfairness of the plaintiff self-helping to an oversized response brief. *Id.*

No such facts are present here. Because this is a motion to dismiss, the universe of relevant facts is closed and specific—a motion to dismiss under Rule 12(b)(6) considers only the complaint and attachments. Unsurprisingly, the Complaint and attachments are the only sources of fact cited by either party in both the motion and response. Thus, this is not a situation where disputed facts are unavailable to the Court, but available and known to the parties. The cases cited by Defendant, where the Court has found a need for further factual input on reply, arise on significantly different procedural postures, and none involve motions to dismiss. At present, and without Defendant's reply, the Court has the full universe of facts already available to it, on the docket.

Defendant also fails to explain why "the reply will benefit the Court's resolution of the pending motion," which is an independent basis to deny the motion. *Easterwood*, 2019 WL 12471699, at *2. Defendant has not explained why the Court needs assistance in interpreting cases, whether they are issued by this Court, a sister court, or an appellate court. Because no new facts may be introduced, in light of the procedural posture, all that is left is for the Court to determine which party's view of the law is correct. This Court has already heard from both parties on these issues and will make its own determination on the weight to accord to the parties' respective arguments under the cases cited. Defendant does not identify, specifically, what statements of law it believes are confusing

or misleading, and does not explain why the Court needs Defendant's further input. Accordingly, Defendant has not explained why its second bite at the apple will "benefit the Court's resolution of the pending motion." *Id.*

Likewise, Defendant cannot show good cause because it made the tactical choice not to develop arguments that were available to it at the time it filed its motion. This Court has explained that a party must offer good cause for waiting to develop arguments that were available to the party at the time of its original brief. *Easterwood*, 2019 WL 12471699, at *1-2. For example, the *Easterwood* case cited by Defendant acknowledged that courts should consider whether a party "could have, but did not, cite to the decision" it now seeks to address. *Id.* It further expressed concern for "gamesmanship" when a party delays its full analysis until reply, given the absence of a surreply. *Id.* The Court found these concerns "well-taken," though the *Easterwood* movant overcame them by identifying a specific justification (i.e., late-breaking factual evidence at the fact intensive stage of that litigation). *Id.*

Here, Defendant "could have, but did not" develop its analysis of the relevant appellate decisions. *Id.* All of Sam's Club's arguments rely on the same factual materials—the Complaint, the attached claim charts, and the patents-in-suit—that Defendant had before it filed its motion. For example, with respect to patent eligibility, Defendant failed to discuss even one full claim of any of the patents-in-suit despite asking the Court to invalidate them on the pleadings as ineligible. It reasonably should have foreseen the need to do so.  In fact, the Federal Circuit itself has recognized an unbroken line of cases, stemming from the Supreme Court itself, which mandate the commonsense notion that a party must discuss at least one full patent claim to justify invalidating a patent

as ineligible. ECF No. 36 at 15-16 (quoting the Federal Circuit as saying that it has "reiterated the Supreme Court's caution" providing that which are "untethered from the language of the claims" must fail). Even the cases affirmatively cited by Defendant—such as *Aatrix v. Green Shades Software*—expressly provide for this requirement. 82 F.3d 1121, 1123–26 (Fed. Cir. 2018) (analyzing "representative" claim language to determine eligibility). Defendant offers no good cause to explain why it did not develop that argument in its original brief, and should not be allowed to backfill now.

The same is true for Sam's Club's argument that its Complaint furnishes allegations that confer eligibility: Defendant has no excuse for its failure to timely develop its arguments. It is not only a bedrock principle that the Court must credit allegations in the Complaint, but it was the very issue upon which *Aatrix* was decided (in favor of Sam's Club's position). *Aatrix,* 82 F.3d at 1126–29. In the language of this Court's decision in *Easterwood*, Defendant "could have" made that its preferred—it had access to the language of the asserted claims and the same cases cited by Sam's Club—"but did not." *Easterwood*, 2019 WL 12471699, at *1-2.

Nor is there any difference with respect to Sam's Club's other arguments, related to infringement—Sam's Club either repeatedly cites the same cases as Defendant (*e.g.*, *Bot M8*, *compare* ECF No. 35 at 21, *with* ECF No. 36 at 2, 5; or *DeCurtis*, *compare* ECF No. 35 at 17, *with* ECF No. 36 at 16-17, or *Aatrix*, *compare* ECF No. 35 at 4, 5, 12, *with* ECF No. 36 at 2-3, 12-13, 14), or Sam's Club cites mandatory appellate precedents that are well-known and squarely applicable to the dispute at hand (*e.g.*, *Ricoh* and *TecSec*, for indirect infringement).

The Court's rules require parties to focus their briefing on their best points. Defendant offers no good cause for why it should be allowed to delay in applying and citing applicable precedent and for making the basic arguments needed to carry its point. A reply is not the appropriate vehicle for Defendant to backfill the foreseeable analytic gaps in its original motion. And the purpose of the no-reply rule—forcing parties to focus their briefing, upfront, on their best arguments—would be ill-served by granting Defendant another bite at the apple. The Court should deny Defendant's motion.

Dated: May 27, 2022            Respectfully submitted,

*/s/ Ardith Bronson*
Ardith Bronson (FBN 423025)
**DLA Piper LLP (US)**
200 South Biscayne Blvd., Ste. 2500
Miami, Florida 33131
Email: ardith.bronson@dlapiper.com

Kathryn Riley Grasso (*pro hac vice*)
Christian Chessman (*pro hac vice*)
Henry R. Fildes (*pro hac vice*)
**DLA Piper LLP (US**)
500 Eighth Street NW
Washington, DC 20004
Tel: (202) 799-4000
Email: kathryn.riley@dlapiper.com
Email: christian.chessman@dlapiper.com
Email: henry.fildes@dlapiper.com

Patrick Park (*pro hac vice*)
**DLA Piper LLP (US)**
2000 Avenue of the Stars
Suite 400 North Tower
Los Angeles, CA
Tel: (310) 595-3000
Email: patrick.park@dlapiper.com

***Attorneys for Plaintiffs Sam's West, Inc. and Walmart Apollo, LLC***