# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

| | |
|---|---|
| SAM'S WEST, INC., and WALMART APOLLO, LLC, | : :  :  Case No. 6:22-cv-00587 |
| Plaintiffs, | : : JUDGE WENDY W. BERGER |
| v. | : : MAGISTRATE JUDGE ROBERT M. |
| BJ'S WHOLESALE CLUB HOLDINGS, INC., | : NORWAY : |
| Defendant. | : : |

## DEFENDANT BJ'S WHOLESALE CLUB HOLDINGS, INC.'S MOTION TO LIFT THE STAY

Defendant BJ's Wholesale Club Holdings, Inc. ("BJ's"), by and through undersigned counsel, respectfully moves the Court to lift the stay as to the entirety of this case. At this time, the PTAB has issued final written decisions in all instituted IPR proceedings. Although Plaintiffs Sam's West, Inc. and Walmart Apollo, LLC may appeal three of those decisions, lifting the stay is warranted because the issues have been sufficiently simplified through the final written decisions and the parties face undue prejudice if the stay remains in effect. The stay therefore should be lifted, and this case should proceed in its entirety. A memorandum of law in support of the Motion follows.

Respectfully submitted,

**Vorys, Sater, Seymour and Pease LLP**

*/s/ William H. Oldach III*
Liana R. Hollingsworth (FL# 0076930)
Michael J. Garvin (*pro hac vice*)
Aaron M. Williams (*pro hac vice*)
200 Public Square, Suite 1400
Cleveland, OH 44114
Phone/Fax: (216) 479-6152

       Email:    lrhollingsworth@vorys.com
                   mjgarvin@vorys.com
                   amwilliams@vorys.com

Alycia N. Broz (*pro hac vice*)
Rex W. Miller II (*pro hac vice*)
Mitchell A. Tobias (*pro hac vice*)
Emily J. Taft (*pro hac vice*)
52 East Gay Street
Columbus, OH 43215
Phone: (614) 464-6400
Fax: (614) 464-6350
Email:    anbroz@vorys.com
            rwmiller@vorys.com
            matobias@vorys.com
            ejtaft@vorys.com

William H. Oldach III (*pro hac vice*)
Michael V. Messinger (*pro hac vice*)
1909 K Street NW, Suite 900
Washington, D.C. 20006
Phone: (202) 467-8800
Fax: (202) 467-8900
Email:    wholdach@vorys.com
            mvmessinger@vorys.com

*Counsel for Defendant*
*BJ's Wholesale Club Holdings, Inc.*

**MEMORANDUM OF LAW**

I.   **INTRODUCTION**

All of the *inter partes* review ("IPR") proceedings instituted by the Patent Trial and Appeal Board ("PTAB") related to the Asserted Patents in this case[1] now have final written decisions. As such, the circumstances that justified the initial imposition of the stay have changed, and the stay is no longer appropriate. In the interests of justice, the stay should be lifted to allow the case to proceed as to all claims.

II.  **PROCEDURAL HISTORY**

Plaintiffs filed this case more than two years ago on March 22, 2022. (ECF No. 1.) In August and September 2022, BJ's filed seven IPR petitions that covered all of the Asserted Patents and claims in this case. (ECF Nos. 74, 76, 77, 86, 87, 89, 90.) On November 21, 2022, upon BJ's motion, the Court stayed the case "until the determination whether to institute the IPR process is made by PTAB." (ECF No. 108 at 17.)

On April 11 and 12, 2023, the PTAB issued its institution decisions, instituting IPRs against the '187 and '188 Patents, as well as three of the four petitions filed against the '435 Patent. (ECF No. 119.) The PTAB denied instituting the petition only against the '133 Patent. (*Id.*) Following the PTAB's decisions, the Court held a status conference to discuss how the case should proceed. (ECF Nos. 120, 123.) Following that hearing, Plaintiffs filed a motion to partially lift the stay as to '133 and '435 Patents. (ECF No. 124.) On July 31, 2023, this Court denied the motion and declined to lift the stay in any capacity. (ECF No. 131.) Specifically, the Court held that, despite the '133 Patent being "free and clear of agency review," final decisions in the instituted IPRs as to the other Patents could

---

[1] U.S Patents Nos. 10,121,133 (the "'133 Patent"), 10,368,187 (the "'187 Patent"), 10,368,188 (the "'188 Patent"), and 10,803,435 (the "'435 Patent").

greatly simplify the issues in this case.  (*Id.* at 6–8.)  Moreover, the Court held that bifurcation of the claims in this case would not promote judicial efficiency or economy and that Plaintiffs will not be unduly prejudiced by the continued stay.  (*Id.* at 9–10.)

The PTAB has now issued final written decisions in all five of the instituted IPRs.  (ECF No. 138.)  The PTAB determined that all claims challenged as to the '435 Patent are unpatentable and that no claims challenged as to the '187 and '188 Patents are unpatentable.  (*Id.*)  With the final written decisions having issued, the stay is no longer appropriate, and the case should proceed.  This is true despite the fact that Plaintiffs have now appealed the final decisions in the IPRs as to the '435 Patent.  *See* Exs. A, B, C hereto.

## III.   ARGUMENT

### A.   The Court Should Lift The Stay In This Case.

The Court may lift a stay if the circumstances supporting the stay have changed such that the stay is no longer appropriate.  *Murata Machinery USA v. Daifuku Co., Inc.*, 830 F.3d 1357, 1361 (Fed. Cir. 2016) (citing *Canady v. Erbe Elektromedizin GmbH*, 271 F. Supp. 2d 64, 74 (D.D.C. 2002)); *Dolby Labs., Inc. v. Intertrust Techs. Corp.*, No. 19-cv-03371-EMC, 2021 U.S. Dist. LEXIS 221412, at *5–6 (N.D. Cal. Nov. 16, 2021) ("[A] court that grants a stay pending IPR may later 'abandon its imposed stay of litigation if the circumstances that persuaded the court to impose the stay in the first place have changed significantly.'" (quoting *Canady*, 271 F. Supp. 2d at 75)).

When considering a motion to lift a stay, the Court considers several factors, including whether maintaining the stay will simplify the issues and streamline trial, whether it will unduly prejudice the non-movant, and the procedural posture of the case.  *See Murata*, 830 F.3d at 1361.  It can also consider other factors, such as the burden of

litigation on the court and the parties. *See id.* at 1362; *see also Harper Eng'g Co. v. FACC Operations GmbH,* No. 1:20-cv-00510-KD-C, 2022 U.S. Dist. LEXIS 8945, at *5 (S.D. Ala. Jan. 18, 2022) (holding that the decision to lift a stay is case-specific, "based on a consideration of the totality of circumstances before the court.").

Here, the circumstances that justified the initial imposition of the stay in November 2022, and the Court's decision to maintain the stay nearly a year ago, have changed such that the stay is no longer appropriate. Although, as this Court has acknowledged, "the stage of these proceedings is the same now as it was when the stay was granted," the issuance of final written decisions in all of the IPRs has changed the calculus as to the simplification of the issues and the prejudice of maintaining the stay on both parties.

Indeed, courts routinely lift stays and allow litigation to proceed after final written IPR decisions are issued, even where rehearing or appeals are filed. *See, e.g., Personal Audio LLC v. Google, Inc.*, 230 F. Supp. 3d 623, 628 (E.D. Tex. 2017) (lifting stay following final written IPR decisions although Federal Circuit appeal pending); *Ioengine, LLC v. Paypal Holdings, Inc.*, Civil Action No. 18-452-WCB, 2020 U.S. Dist. LEXIS 198388, at *16-17 (D. Del. Oct. 26, 2020) (collecting cases) ("Courts in this district have typically denied motions to extend stays after a ruling from the PTAB, emphasizing the difference between the circumstances before and after the PTAB issued its decision and how that difference in circumstances cuts against an extension of the stay."); *Oyster Optics, LLC v. Ciena Corp.*, No. 17-cv-05920-JSW, 2019 U.S. Dist. LEXIS 171223, at *9 (N.D. Cal. Sep. 23, 2019); *Pro Stage Gear, LLC v. Guangzhou Rantion Trading Co.*, No. 1:17-CV-00030-DCLC, 2019 U.S. Dist. LEXIS 234335, at *18-19 (E.D. Tenn. Nov. 19, 2019).

**1.    The Issues and Claims in This Case Have Been Sufficiently Simplified and Narrowed Through the Issuance of the Final Written Decisions.**

With the final written decisions, the PTAB has "analyzed the evidence and articulated its decision after painstaking review." *Personal Audio*, 230 F. Supp. 3d at 628. The issued IPR final written decisions have already clarified the issues in this case. All asserted claims of the '133, '187 and '188 Patents have survived, all of which are asserted against the same instrumentality, BJ's ExpressPay app, while all claims of the '435 Patent have been found unpatentable. The purpose of the initial stay in this case therefore has been recognized and fulfilled.

Furthermore, courts regularly find that the "mere possibility" that the appellate process could further simplify the issues does not warrant keeping a stay in effect. *Pro Stage Gear*, 2019 U.S. Dist. LEXIS 234335, at *15. Indeed, "the chance of simplifying the issues on appeal are slim." *See Personal Audio*, 230 F. Supp. 3d at 629. According to the most recent data, in 2023, the Federal Circuit's affirmance rate in PTAB cases has hit a new high—reversing or vacating the PTAB on every issue merely 8.7% of the time and partially reversing or vacating in 6% of cases. *See Fed. Cir. Affirmance Rate In PTAB Cases Hit 83% In 2023*, LAW360 (April 22, 2024), https://www.law360.com/articles/1827521/fed-circ-affirmance-rate-in-ptab-cases-hit-83-in-2023. It is therefore unlikely that Federal Circuit review will significantly change the landscape of this litigation. That is, once the PTAB has issued its final decisions, "the mere possibility (as opposed to 'reasonable likelihood') that the asserted claims could be invalidated or amended on appeal . . . is too speculative to be given much weight." *Network-1 Sec. Sols., Inc. v. Alcatel Lucent USA, Inc.*, No. 6:11-CV-492, 2015 U.S. Dist. LEXIS 31452, at *17 (E.D. Tex. Jan. 5, 2015); *see also Juno Therapeutics, Inc. v. Kite*

*Pharma*, No. CV 17-7639, 2018 U.S. Dist. LEXIS 52362, at *19 (C.D. Cal. Mar. 8, 2018); *Puget BioVentures, LLC v. Med. Device Bus. Servs., Inc.*, No. 3:17-CV-503, 2017 U.S. Dist. LEXIS 221953, at *8 (N.D. Ind. Sept. 22, 2017); *Milwaukee Elec. Tool Corp. v. Hilti, Inc.*, Nos. 14-CV-1288, 2016 U.S. Dist. LEXIS 180365, at *8 (E.D. Wis. Dec. 30, 2016).

Moreover, even if a future appeal does result in claims of the '435 Patent being found patentable, that would not greatly impact the conduct of the litigation moving forward at this time. Again, the accused instrumentality as to all asserted claims is BJ's ExpressPay app. Thus, discovery will be focused on that app regardless of whether or not the '435 Patent claims are patentable. It would be far more efficient for both the parties and the Court to have all potentially relevant claims litigated a single time. To the extent that the result of any appeal affects the issues litigated in this case, "the interests of justice will be better served by dealing with that contingency when and if it occurs, rather than putting this case indefinitely on hold." *See EMG Tech., LLC v. Apple, Inc.*, No. 6:09CV367, 2010 U.S. Dist. LEXIS 144656, at *8–9 (E.D. Tex. Nov. 15, 2010).

Finally, there are certain claims that were never instituted in IPR (the '133 Patent) and claims that survived the IPR process (the '187 and '188 Patents) that BJ's has not appealed. As such, the Court will have to consider these claims regardless of any appeals taken by Plaintiffs—"making the idea of further simplification illusory." *See Personal Audio*, 230 F. Supp. 3d at 628–29. Accordingly, this factor weighs in favor of lifting the stay in this case.

### 2. Both Parties Will Be Unduly Prejudiced If the Stay Is Maintained Now That the PTAB Has Issued Its Final Written Decisions.

This case has been pending for more than two years. With the final written IPR decisions now issued, there is no reason to delay resolution of this case. "In deciding

5

whether to lift or extend a stay pending IPR appeals, courts routinely review statistical research from the Federal Circuit to determine how a case may be delayed by staying a case through appeals of PTO or PTAB decisions." *Personal Audio*, 230 F. Supp. 3d at 627 (citations omitted). According to the most recent data, in fiscal year 2023, the median time from filing to disposition at the Federal Circuit in cases appealed from the Patent and Trademark Office was nineteen months. *See Median Time to Disposition in Cases Terminated After Hearing or Submission*, available at https://cafc.uscourts.gov/wp-content/uploads/reports-stats/FY2023/MedDispTimeMERITS-Table-FY23.pdf.

Such delay prejudices both parties. Of course, Plaintiffs have a right to timely enforce their alleged patent rights. *See Network*-1, 2015 U.S. Dist. LEXIS 31452, at *21 (collecting cases); *see also ZOLL Med. Corp. v. Respironics, Inc.*, No. 12-1778-LPS, 2015 U.S. Dist. LEXIS 92000, at *4 (D. Del. July 8, 2015) (The pendency of an appeal from an IPR, "and the possibility that the Federal Circuit may reverse the PTO . . . is not, in and of itself, a sufficient basis to make the patentee . . . continue to wait to enforce patent rights that it currently holds."). As such, this factor weighs in favor of lifting the stay.

In this circumstance, however, now that the IPRs have been resolved, further delay would also unduly prejudice BJ's. In BJ's view, the sooner Plaintiffs are unable to establish liability, the sooner BJ's can continue to grow the use of its ExpressPay app without anti-competitive interference. Moreover, to the extent that Plaintiffs are able to establish that BJ's has any liability to them under their alleged patent rights, it is in BJ's interest to have that finding made sooner than later, because the longer the wait until such a finding is made, the more sales BJ's will have made using ExpressPay. The more sales BJ's makes, the greater Plaintiffs will presumably argue their damages are. Under

6

either analysis, BJ's is prejudiced by further delay.

### B. Lifting The Stay As To All Claims Would Promote Efficiency.

For the foregoing reasons, the stay should be lifted as to the entire case. This includes all claims that Plaintiffs intend to continue to assert against BJ's following the IPR final written decisions, including any claims as to the '435 Patent that Plaintiffs may appeal to the Federal Circuit.

The Federal Circuit's usual time frame of nineteen months from the filing of a Notice of Appeal through panel decision, as noted above, provides a compelling backdrop against which this Court should lift the stay. At the time this litigation was stayed, in November 2022, the Scheduling Order then in effect called for trial to begin no earlier than May 2024, eighteen months later. (*See* ECF No. 51 at 3.) If the stay is lifted as to all claims in July or August 2024, and a similar Scheduling Order is entered, but with a trial date set just two months later, or twenty months from entry of the Order, then trial in this litigation would likely occur no earlier than March 2026, two months after decisions on the '435 appeals would be expected.

The potential efficiencies of such a schedule are evident. If any of the Asserted Claims of the '435 Patent are revived by the Federal Circuit decisions, then those claims can be tried along with any Asserted Claims of the '133, '187 and '188 Patents that remain following intervening motion practice. If, on the other hand, all the Asserted Claims of the '435 Patent are affirmed as unpatentable by the Federal Circuit, then those claims can be dismissed with prejudice from the litigation, and trial can proceed solely on any remaining Asserted Claims of the '133, '187 and '188 Patents.

By lifting the stay as to all claims now, the Court would likely ensure that, in less than two years, Plaintiffs will have the opportunity to present all their surviving claims to

7

a jury, and BJ's will be able to defend itself from Plaintiff's claims of infringement, and in the event of an infringement finding, would be subject to a lower damages award. Such a result would benefit all parties as well as the Court.

## IV. CONCLUSION

For all the foregoing reasons, the Court should lift the stay and allow the case to proceed in its entirety.

Dated:   June 12, 2024

Respectfully submitted,

**Vorys, Sater, Seymour and Pease LLP**

*/s/ William H. Oldach III*
Liana R. Hollingsworth (FL# 0076930)
Michael J. Garvin (*pro hac vice*)
Aaron M. Williams (*pro hac vice*)
200 Public Square, Suite 1400
Cleveland, OH 44114
Phone/Fax: (216) 479-6152
Email:   lrhollingsworth@vorys.com
            mjgarvin@vorys.com
            amwilliams@vorys.com

Alycia N. Broz (*pro hac vice*)
Rex W. Miller II (*pro hac vice*)
Mitchell A. Tobias (*pro hac vice*)
Emily J. Taft (*pro hac vice*)
52 East Gay Street
Columbus, OH 43215
Phone: (614) 464-6400
Fax: (614) 464-6350
Email:   anbroz@vorys.com
            rwmiller@vorys.com
            matobias@vorys.com
            ejtaft@vorys.com

William H. Oldach III (*pro hac vice*)
Michael V. Messinger (*pro hac vice*)
1909 K Street NW, Suite 900
Washington, D.C. 20006
Phone: (202) 467-8800
Fax: (202) 467-8900

Email: wholdach@vorys.com
mvmessinger@vorys.com

*Counsel for Defendant*
*BJ's Wholesale Club Holdings, Inc.*

## **LOCAL RULE 3.01(G) CERTIFICATION**

Between May 23, 2024 and June 7, 2024, pursuant to Local Rule 3.01(g), counsel for BJ's conferred via email with counsel for Plaintiffs, who advised that Plaintiffs oppose this motion.

*/s/ William H. Oldach III*
William H. Oldach III (*pro hac vice*)

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 12, 2024, a copy of the foregoing Motion to Lift the Stay was electronically filed with the Clerk of Court using the Court's electronic filing system. Notice of this filing will be sent to all parties by operation of the Court's system. Parties may access this filing through the Court's system.

    */s/ William H. Oldach III*
    William H. Oldach III (*pro hac vice*)