UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

SAM'S WEST, INC. and
WALMART APOLLO, LLC,

*Plaintiffs*,

v.

BJ'S WHOLESALE CLUB
HOLDINGS, INC.,

*Defendant*.

_____

Case No. 6:22-cv-00587-WWB-RMN

**JURY TRIAL DEMANDED**

### PLAINTIFF SAM'S WEST, INC. AND WALMART APOLLO, LLC'S OPPOSITION TO MOTION TO LIFT THE STAY

**I.   INTRODUCTION**

The Court's reasoning for entering and maintaining the stay to date still applies because the PTAB proceedings are not yet complete. Plaintiffs Sam's West and Walmart Apollo ("Sam's Club") have appealed the PTAB's final *inter partes* review decisions on the '435 Patent to the Federal Circuit. Now, Defendant BJ's argues against the efficiencies it earlier advocated when seeking to stay this case in the first place in favor of continuing litigation on patents that could be directly impacted by the Federal Circuit's forthcoming decisions. ECF Nos. 91, 126. Prudence dictates maintaining the stay to further simplify the issues before this Court, conserve the Court's (and the parties') resources, and avoid the risk of mooting significant portions of a concurrent litigation. The Court should exercise its discretion in managing its docket and deny BJ's motion to lift the stay through the conclusion of the '435 Patent appeals.

## II. PROCEDURAL HISTORY

Plaintiffs filed this case on March 22, 2022. ECF No. 1. In August and September 2022, BJ's filed seven IPR petitions covering all of the asserted patents and claims in this case. ECF Nos. 74, 76, 77, 86, 87, 89, 90. On September 26, 2022, BJ's moved to stay this case on the basis of the pending IPRs. ECF No. 91. On November 21, 2022, the Court granted BJ's motion to stay the case. ECF No. 108. In April 2023, the PTAB instituted proceedings against U.S. Patent Nos. 10,368,187 (the "'187 Patent") and 10,368,188 (the "'188 Patent"), as well as three of the four petitions filed against the '435 Patent. ECF No. 119. Institution was denied against the '133 Patent. *Id.*

In June 2023, Sam's Club moved to partially lift the stay as to the '133 and '435 Patents in view of the closely overlapping issues they shared. ECF No. 124. The Court denied the motion on July 31, 2023. ECF No. 131. While the Court's original order stayed the case "until the determination whether to institute the IPR process is made by PTAB," the Court determined the stay should continue, finding, in part:

> [I]t is reasonable to assume that at least some of the '435 Patent's claims will be changed, narrowed, or cancelled. If anything, the inter partes review of the '435 Patent's claims have the potential to streamline the issues and claims asserted in this litigation, which is a sufficient basis to continue the stay.

*Id*. at 7-8. The Court further disfavored bifurcation, cautioning against duplicative litigation: "The Court sees no gain in efficiency where it and the parties must engage in multiple periods of discovery, multiple hearings addressing claim construction, multiple summary judgment motions, and (perhaps) multiple trials." *Id*. at 9.

The PTAB has now issued Final Written Decisions in all five of the instituted IPRs. ECF No. 138. The PTAB determined that all claims challenged as to the '435 Patent are unpatentable and that no claims challenged as to the '187 and '188 Patent are

unpatentable. *Id.* Sam's Club timely appealed the Final Written Decisions in all three of the '435 Patent IPR proceedings. ECF No. 139-1, 139-2, 139-3. BJ's now brings the instant motion to lift the stay, taking positions contrary to those it took when BJ's sought to impose and maintain the stay months ago.

## III.   ARGUMENT

### A.   The Stay in This Case Should Continue

When determining whether to lift a stay, courts typically apply the same standard that applies to determining whether to impose a stay in the first place. *DivX, LLC v. Netflix, Inc.*, No. CV191602PSGDFMX, 2022 WL 1208167, at *3 (C.D. Cal. Mar. 29, 2022) (denying motion to lift stay pending Federal Circuit appeal of IPR final written decisions while other asserted patents remained in the associated cases); *Baxter Healthcare Corp. v. Becton, Dickinson & Co.*, No. 3:17-CV-2186 JLS-RBB, 2021 WL 22553, at *3 (S.D. Cal. Jan. 4, 2021) (denying motion to lift stay pending Federal Circuit review of IPR final decisions). BJ's cites to *Murata* for the proposition that district courts typically analyze stays under a three-factor test: "(i) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (ii) whether a stay will simplify the issues in question and trial of the case; and (iii) whether discovery is complete and whether a trial date has been set." ECF No. 139 at 2 (citing *Murata Mach. USA v. Daifuku Co.*, 830 F.3d 1357, 1361 (Fed. Cir. 2016) (citation omitted)). In *Murata*, the Federal Circuit affirmed the district court's denial of a motion to lift a stay following the institution of IPRs on only some of the asserted patents. *Murata*, 830 F.3d at 1361-63, 1365. Consideration of the burden of litigation is also well within the district court's discretion. *Id.* at 1362.

3

Here, the Court should not sway from its earlier reasoning that efficiency dictates staying the case. Key circumstances supporting entering and maintaining the existing stay apply just the same today. BJ's admits "the stage of these proceedings is the same now as it was when the stay was granted." ECF No. 139 at 3. As the Court stated, "[t]his case is in its early stages"—some discovery has been exchanged, but the Court has not construed the patent claims, dispositive motions have not been filed, and a new trial date has not been set. ECF No. 131 at 5 n.4. The stage of the case favors preserving the stay.

The proceedings on the '435 Patent before the Federal Circuit (and potentially the PTAB) are ongoing, which directly affect issues in the present litigation. To lift the stay would double the litigation burden and could lead to conflicting rulings between this Court and the Federal Circuit and/or PTAB. *See MemoryWeb, LLC v. Apple, Inc.*, No. 21-CV-09839-VC, 2023 WL 8006852, at *1 (N.D. Cal. Nov. 16, 2023) (denying motion to lift stay pending Federal Circuit appeal of IPR final decisions, while other asserted patents remained in the case, and reasoning "[i]t would be a waste of resources for both the parties and the Court to conduct discovery, engage in motion practice, prepare for trial, and so on, only for the Federal Circuit to rule on the appeal and render all of that work irrelevant or inadequate."); *DivX, LLC*, 2022 WL 1208167, at *4 ("Maintaining the stays pending appeal will therefore avoid the potential for inconsistent rulings and the wasting of resources . . . .").

The parties will not be unduly prejudiced by a stay through the conclusion of the '435 Patent appeals, and the Court will avoid the risk of wasting its resources and potentially mooting its efforts. BJ's itself previously argued that "Sam's Club's argument that this Court is not bound by the decisions of the Board is only accurate until and unless

4

the Federal Circuit affirms those decisions." ECF 26 at 13 (internal citation omitted). That time is now on the horizon.

### 1. There Are Live Issues for the Federal Circuit to Address Regarding the '435 Patent Which Will Simplify the Issues and Claims in This Case

A final decision in the '435 Patent IPRs stands to further simplify the case and its claims—a fact that BJ's emphatically argued when seeking a stay. In its prior briefing, BJ's urged the Court to continue the stay as to the '133 Patent because the related '435 Patent (which shares the same specification) was subject to IPR:

- The '133 and '435 Patent have a number of common terms. . . . One significant common theme thus far is the term 'server,' which appears thirteen times in Claim 1 of the '133 Patent, and six times in Claim 1 of the '435 Patent . . . .

- [T]he term 'the server,' and thus this 'same-server requirement,' also appears in the '133 Patent and is as significant to understanding the claims of the '133 Patent as it is to understanding the claims of the '435 Patent.

- "The server" is of course not the only term in common between the '133 and '435 Patents. Attached as Exhibit F are copies of Claim 1 of the '133 Patent and Claim 1 of the '435 Patent highlighted to show their common identical or highly similar terms . . . . (highlighting several terms)

ECF 126 at 3, 10-12. The situation is the same now that the '435 IPRs are on appeal. But BJ's has changed its tune, ignoring the fact that the Federal Circuit's decision on appeal will simplify issues for this Court in view of the overlapping issues across these patents.

BJ's argues now that the mere possibility of issue simplification does not warrant continuing the stay. Motion at 4. But BJ's argued that the mere possibility of <u>instituting</u> IPRs was sufficient to justify the stay in the first place for the '435 and '133 Patents. ECF 91 at 7-11. BJ's has not identified any different circumstances concerning the patents' relationship that warrant changing the status quo and the Court's prior reasoning. Even if

"the Federal Circuit's affirmance of the PTAB decisions may be statistically more likely, this outcome is far from a foregone conclusion." *DivX, LLC*, 2022 WL 1208167, at *4 (citation omitted).

In fact, a case BJ's cites to support its "mere possibility" argument, *Puge*, actually stands for the opposite proposition, where that court found the simplification factor in favor of a stay. "Nevertheless, the benefits to this Court from any opinion the Federal Circuit might offer cannot be overstated in light of the Federal Circuit's unique expertise in the patent realm. In addition, any decisions—particularly related to claim construction—this Court might reach during the pendency of Defendant's appeal to the Federal Circuit could end up in variance with the Federal Circuit's ruling." *Puge Bioventures, LLC v. Med. Device Bus. Servs.*, No. 3:17-CV-503-JD-MGG, 2017 U.S. Dist. LEXIS 221953, at *9 (N.D. Ind. Sept. 22, 2017). The court continued, a "stay would help this Court avoid highly undesirable inconsistent legal rulings while simultaneously ensuring that the Court benefits from the expertise of the Federal Circuit in addressing Plaintiff's infringement claim. Therefore, this factor weighs in favor of the requested stay." *Id*. The same is true here.

Though BJ's cites to *Personal Audio LLC*, a case where a stay was lifted, there the asserted patents had already been the subject of three Markman proceedings in the court involving other defendants. *Pers. Audio LLC v. Google, Inc.*, 230 F. Supp. 3d 623, 625 (E.D. Tex. 2017). There was "significant overlap between this relatively new case and prior related litigations," including significant discovery and claim construction that had already streamlined the case. *Id.* at 628. The same cannot be said for this case.

BJ's previously justified a stay in this case by arguing that claim construction of one patent would help construction for the other patents and simplify issues for the Court. ECF No. 126 at 10 ("The '133 and '435 Patents have a number of common terms. Thus, because the PTAB will address the construction and application of these terms in reviewing the '435 Patent, the task for this Court will be simpler and more straightforward when the case proceeds as to the '133 Patent—and, for that matter, the '435 Patent, if any of its claims survive."). This cuts against BJ's changed position where it now argues "the Court will have to consider [the 187, 188, and 133 Patents' claims] regardless of any appeals taken by Plaintiffs." Motion at 5.

The work on construing the claims in the Federal Circuit and PTAB proceeding is not over and will undoubtedly impact any concurrent litigation in this Court, especially considering the '435 Patent shares a specification with the '133 Patent. *MemoryWeb, LLC*, 2023 WL 8006852, at *1; *Nobots LLC v. Google LLC*, No. 1:22-CV-585-RP, 2024 WL 925553, at *3 (W.D. Tex. Mar. 4, 2024) ("[I]f the Court were to lift the stay prior to the Federal Circuit's decision, this Court would have to engage in the claim construction issue, potentially duplicating the Federal Circuit's work. Such a situation would be an inefficient use of both this Court's and the parties' resources.") (citing *MemoryWeb, LLC*, 2023 WL 8006852, at *1); *Baxter Healthcare*, 2021 WL 22553, at *3 ("the Federal Circuit's de novo review of the PTAB's claim constructions of the patents-in-suit may also provide guidance that will further simplify the issues before this Court"); *DivX, LLC*, 2022 WL 1208167, at *4 ("Maintaining the stays pending appeal will therefore avoid the potential for inconsistent rulings and the wasting of resources that would result if the Court were to

proceed with the litigation now and construe disputed claim terms differently than the Federal Circuit eventually does.").

And as BJ's itself has admitted, continuing litigation on just the '187 and '188 Patents does not make sense because "the parties and this Court would then have to repeat the entire discovery process and motion practice—including a second trial—as to [certain] claims against the very same Accused Instrumentality." ECF 126 at 8.

With the likelihood of issue simplification by the Federal Circuit near certain, the Court should maintain the current stay.

### 2. The Parties Will Not Be Unduly Prejudiced if the Stay Is Maintained

Now attempting to lift the stay, BJ's casts aside the prejudice arguments it made when attempting to impose and maintain the stay. Almost unbelievably, BJ's argues on Sam's Club's behalf, urging that continuing the stay would cause Sam's Club harm as Plaintiffs. Motion at 6. To the contrary, given the current posture, Sam's Club favors maintaining the stay in return for clarity regarding the pending appeals of the PTAB's Final Written Decisions, which could meaningfully impact half of the patents at issue in this case. And, in any event, Sam's Club <u>would</u> experience undue prejudice if it were forced to litigate or otherwise defend the same IP rights at the Federal Circuit and here.

As for BJ's, because it is the moving party, any of its prejudice is not considered. Even assuming that BJ's perceived prejudice is relevant, BJ's has not identified any undue prejudice it would experience from maintaining the stay. *See MemoryWeb, LLC*,

2023 WL 8006852, at *1 ("mere delay, without more [ ], does not demonstrate undue prejudice") (citation omitted); *DivX, LLC*, 2022 WL 1208167, at *6 (same).

The statistic BJ's cites—that the median time to disposition at the Federal Circuit of a PTAB appeal is 19 months (Motion at 6)—is unpersuasive. The case has already been stayed for 19 months. Any prejudice associated with a stay has already been realized by both parties—and at BJ's own request. At this point, the parties should defer continued litigation of these patents until receiving clarity from the Federal Circuit. In fact, a 19-month runway would potentially allow for this case to complete a jury trial, only to be partially rendered moot by the forthcoming Federal Circuit decision. *See MemoryWeb, LLC*, 2023 WL 8006852, at *1. Injecting the '435 Patent (and related '133 Patent) into the jury's verdict and any of its damages calculations is a recipe the Court should avoid.

BJ's also argues it would suffer prejudice because delaying litigation would increase the amount of damages BJ's would owe Sam's Club, assuming BJ's liability. Motion at 6. This argument is nonsensical. In patent infringement cases, the damages window is not capped at the time of trial or adjudication of the case—damages normally conclude when the defendant either ceases its infringement or when the patent expires. *See* 35 U.S.C. §§ 271 and 284.

The prejudice to Sam's Club and, if relevant, the lack of undue prejudice to BJ's favors continuing the stay. *DivX, LLC*, 2022 WL 1208167, at *7 ("Although further delay in the litigation may present some prejudice to Plaintiff, Plaintiff has not demonstrated that continuing the stays would subject it to *undue* prejudice or a clear tactical disadvantage.").

### 3. Lifting the Stay Will Double the Burden of Litigation

BJ's attempts to skirt past the burden of its proposal on the parties and the Court and instead extols the virtues of simultaneously proceeding with the Federal Circuit

9

appeals *and* litigation before this court, labeling the setup "efficiency." Motion at 7-8. But BJ's' hypothetical scenario is neither realistic nor efficient. If the trial in this case is scheduled two months after decisions on the '435 appeals are expected, then the Court and the parties' would be guaranteeing a pre-trial scramble of interpreting the Federal Circuit's rulings and how they apply to this case. It would not be a simple analysis of which '435 Patent claims are in and which are out, as BJ's would have this Court believe. There would likely be holdings on claim constructions that would reverberate through the case, potentially on the eve of trial if the Federal Circuit decisions are even slightly delayed. This is also all under the assumption that the Federal Circuit decisions neatly follow the median timing statistic—there is a possibility, if the stay is lifted, that this case goes to trial before the Federal Circuit issues its final rulings, creating the potential for conflict. *Realtime Data LLC v. Silver Peak Sys., Inc.*, No. 17-CV-02373-PJH, 2018 WL 3744223, at *2 (N.D. Cal. Aug. 7, 2018) ("the court would have to duplicate its efforts and potentially conduct multiple trials if claims deemed non-patentable today are later found to be patentable—a loss of efficiency compounded when the patents are related and involve overlapping witnesses, experts, or evidence").

Separately, and even more importantly, double tracking the appeals and litigation could result in a scenario where a significant amount of resources expended in the litigation are rendered a waste. "As this Court previously recognized, the parties and this Court can avoid that burden, expense, and waste of resources entirely by staying this litigation pending resolution of the IPR proceedings." ECF 126 at 7.

BJ's request to lift the stay would double the burden of litigation on the parties. Such a setup is inefficient and weighs in support of a stay.

IV. **CONCLUSION**

For the foregoing reasons, all factors weigh in favor of maintaining the stay as to all the Patents-in-Suit. Sam's Club respectfully requests the Court deny BJ's Motion.

Dated:  June 26, 2024

Respectfully submitted,

/s/  *Ardith Bronson*
Ardith Bronson (FBN 423025)
DLA Piper LLP (US)
200 South Biscayne Blvd., Ste. 2500
Miami, FL 33131
Tel: (305) 423-8500
Email: ardith.bronson@dlapiper.com

Kathryn Riley Grasso (*pro hac vice*)
Henry R. Fildes (*pro hac vice*)
DLA Piper LLP (US)
500 Eighth Street NW
Washington, DC 20004
Tel: (202) 799-4000
Email: kathryn.riley@dlapiper.com
henry.fildes@dlapiper.com

Patrick Park (*pro hac vice*)
Ben Yaghoubian (*pro hac vice*)
DLA Piper LLP (US)
2000 Avenue of the Stars, Suite 400
North Tower
Los Angeles, CA 90067
Tel: (310) 595-3000
Email: patrick.park@dlapiper.com

**Attorneys for Plaintiffs Sam's West, Inc. and Walmart Apollo, LLC**

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on June 26, 2024, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document by electronic mail.

*/s/ Ardith Bronson*
Ardith Bronson
